UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Corey Cutting Jordan-Rutledge

v.                                           Case No. 22-cv-457-SE
                                             Opinion No. 2023 DNH 096
Liberty Mutual Insurance Company

O R D E R

A New Hampshire plaintiff alleging workplace discrimination on the basis of a disability must first exhaust his administrative remedies by filing a charge with the U.S. Equal Employment Opportunity Commission ("EEOC) or the New Hampshire Commission for Human Rights ("Commission"). See Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 31 (1st Cir. 2009). Once he has filed his administrative charge, he may choose among possible steps to redress his injuries. For example, after a determination by the Commission, if he is dissatisfied, he may obtain judicial review of that determination in the New Hampshire Superior Court, see RSA 354-A:22, I, or bring an action in federal court arising out of the same claims of discrimination which formed the basis of the Commission's decision, see id. at V. But, he may not fully avail himself of one of those options, receive an adverse result, and then pursue the other option.

That is precisely what plaintiff Corey Cutting Jordan-Rutledge attempts to do in this case. After the Commission found no probable cause to support his disability discrimination and retaliation claims against his former employer, Liberty Mutual Group Inc.,[1] Jordan-Rutledge appealed the decision to the superior court. The superior court affirmed the Commission's decision and denied Jordan-Rutledge's motion for reconsideration. He did not appeal the superior court's order to the New Hampshire Supreme Court. Jordan-Rutledge then instituted the instant action in this court, asserting a disability discrimination claim against Liberty Mutual arising out of the same facts that were the subject of the Commission's and the superior court's decisions.

Liberty Mutual has moved to dismiss the action on the basis of res judicata (doc. no. 7) and has also moved for sanctions under Federal Rule of Civil Procedure 11 (doc. no. 8). Liberty Mutual is correct that the doctrine of res judicata precludes Jordan-Rutledge from relitigating his disability discrimination claim in this court. Therefore, the court grants Liberty

---

[1] Although the named defendant is Liberty Mutual Insurance Company, the defendant represents that Jordan-Rutledge was employed by Liberty Mutual Technology Group, a division of Liberty Mutual Group Inc. Jordan-Rutledge does not dispute that assertion.

Mutual's motion to dismiss. The court does not, however, impose sanctions on Jordan-Rutledge at this time.

## Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Under this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This pleading requirement demands "more than a sheer possibility that [the] defendant has acted unlawfully," or "facts that are merely consistent with [the] defendant's liability." Id. (quotation omitted). Although the complaint need not set forth detailed factual allegations, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In deciding a motion to dismiss, the court takes the non-conclusory factual allegations in the complaint as true and resolves reasonable inferences in favor of the nonmoving party. Doe v. Stonehill College, Inc., 55 F.4th 302, 316 (1st Cir. 2022). The court "may also consider facts subject to judicial notice, implications from documents incorporated into the

complaint, and concessions in the complainant's response to the motion to dismiss." Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019) (quotation omitted). When the plaintiff is a pro se litigant, the court construes his complaint liberally. Boivin v. Black, 225 F. 3d 36, 43 (1st Cir. 2000).

## Background[2]

Liberty Mutual hired Jordan-Rutledge as a software developer on March 13, 2017.[3] At his annual performance review in January 2018, Jordan-Rutledge received a rating of "Below Meets Expectations." The review stated that Jordan-Rutledge was expected to improve his performance immediately.

In July 2018, Liberty Mutual met with Jordan-Rutledge and informed him that it was not happy with his performance and that it would issue a written warning if he were unable to demonstrate improvement. Approximately two weeks after that meeting, Jordan-Rutledge emailed his supervisor stating that he

---

[2] These facts are taken from Jordan-Rutledge's complaint, the Commission's decision, and the superior court's order affirming that decision.

[3] Jordan-Rutledge alleges that he interviewed for a different position but, due to a clerical or other error, Liberty Mutual hired him as a software developer. Although Jordan-Rutledge repeatedly notes that fact in his filings, the discrepancy is not relevant to the issues in this case.

suspected that he could be diagnosed with a language-based learning disorder. He attached a physician's note from 1995.

In early August 2018, Liberty Mutual placed Jordan-Rutledge on a 60-day written performance warning. Jordan-Rutledge then contacted Liberty Mutual's Human Resources support center to request an accommodation. On August 17, 2018, he was diagnosed with ADD/ADHD and a language-based learning disorder.

Over the next several months, Jordan-Rutledge and Liberty Mutual's Americans with Disabilities Act ("ADA") Specialist, Sean Lambert, communicated regarding Jordan-Rutledge's request for accommodation. Jordan-Rutledge's physician recommended that he take periodic breaks, be given additional time to complete tasks, be provided with written instructions, and be given multi-modal presentation of information. Lambert indicated in communications with Jordan-Rutledge that Liberty Mutual had provided those accommodations to him, other than extending deadlines to complete tasks, which "often cannot be extended without impacting the delivery of the overall product." Doc. no. 7-1 at 21. Lambert added that an "essential function of your role is to be able to complete your tasks within specific time-constraints." Id.

On January 18, 2019, Jordan-Rutledge received his 2018 Annual Performance Evaluation. It stated that he "Partially Met

Expectations." On January 30, 2019, Lambert emailed Jordan-Rutledge stating that Liberty Mutual had provided him with the accommodations described by his healthcare provider. Lambert further stated that Jordan-Rutledge had requested in their phone call that a teammate temporarily sit with him for one hour per week while he works. Lambert agreed to provide that accommodation for up to 30 days and said that Jordan-Rutledge's manager would provide a teammate to sit with him for 30 minutes per day for the next 30 days.

On January 31, 2019, Liberty Mutual placed Jordan-Rutledge on a 30-day probation due to his failure to improve his performance. On March 19, 2019, Liberty Mutual terminated Jordan-Rutledge for performance issues.

On September 9, 2019, Jordan-Rutledge dual-filed a Charge of Disability Discrimination and Retaliation with the Commission and the EEOC.[4] After receiving Liberty Mutual's response and Jordan-Rutledge's rebuttal, the Commission provided the parties with a letter containing its findings on December 9, 2021. The letter indicated that the Commission found No Probable Cause on

---

[4] The Commission and the EEOC have a work-sharing agreement, and federal regulations designate the Commission as a state agency that has the authority to investigate charges of and enforce prohibitions against disability discrimination. See 29 C.F.R. § 1601.74; Moher v. Chemfab Corp., 959 F. Supp. 70, 72 (D.N.H. 1997).

both the disability discrimination and retaliation claims under
RSA 354-A. It stated, in relevant part, that Jordan Rutledge
"offered insufficient evidence to demonstrate [Liberty Mutual]
failed to accommodate him." Doc. no. 7-1 at 24. It further
stated that he failed to show that he could perform the
essential functions of his job even with reasonable
accommodation, his performance issues predated his report of a
disability and request for accommodations, and Liberty Mutual
granted all of his requests for accommodations and worked to
assist him. Id. In addition, the letter stated that Jordan-
Rutledge failed to demonstrate that Liberty Mutual's actions
were retaliatory and that Liberty Mutual had offered a
successful affirmative defense that it terminated Jordan-
Rutledge for legitimate, non-discriminatory reasons. Id.

     Pursuant to RSA 354-A:21, II(a), Jordan-Rutledge appealed
the Commission's decision to the Strafford County Superior
Court. The superior court affirmed the Commission's findings on
October 12, 2022. Specifically, the superior court determined
that the Commission's finding of No Probable Cause for the
charges of disability discrimination and retaliation "was
lawful, reasonable, and supported by the record." Doc. no. 7-1
at 97, 100. Jordan-Rutledge moved for reconsideration and the
superior court denied the motion on November 4, 2022. He did not

appeal either of the superior court's orders to the New
Hampshire Supreme Court.

Jordan-Rutledge then filed this action on November 3, 2022.
The complaint alleges that Liberty Mutual failed to accommodate
his disability.

Liberty Mutual moves to dismiss the complaint, arguing that
Jordan-Rutledge's claim is barred by res judicata and the
applicable statute of limitations, and fails to state a viable
claim for relief. Jordan-Rutledge filed an objection and, with
the court's permission, a supplemental objection.

## Discussion

### I.   Res Judicata

"Under federal law, a state court judgment receives the
same preclusive effect as it would receive under the law of the
state in which it was rendered." Dillon v. Select Portfolio
Servicing, 630 F.3d 75, 80 (1st Cir. 2011); Kremer v. Chem.
Constr. Corp., 456 U.S. 461, 466 (1982) (discussing 28 U.S.C. §
1738). New Hampshire law provides that:

> Res judicata precludes the litigation in a later case
> of matters actually decided, and matters that could
> have been litigated, in an earlier action between the
> same parties for the same cause of action. For the
> doctrine to apply, three elements must be met: (1) the
> parties must be the same or in privity with one
> another; (2) the same cause of action must be before
> the court in both instances; and (3) a final judgment

on the merits must have been rendered in the first
action.

Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 690 (2011). The
defendant bears the burden of demonstrating that res judicata
applies. Dillon, 630 F.3d at 80.

There is no dispute that the claims in front of the
superior court and in this case involve the same parties. The
other two res judicata elements, however, require further
discussion.

### A.    Same Cause of Action

As Liberty Mutual argues, the complaint in this case, on
its face, alleges the same conduct underlying the superior court
action: that Liberty Mutual failed to accommodate Jordan-
Rutledge's disability. Viewed generously, Jordan-Rutledge's
objections argue that res judicata does not apply because the
instant action involves a different cause of action than his
claims before the Commission and the superior court.
Specifically, he argues that his claim in this case — that
Liberty Mutual failed to accommodate his disability — was not a
part of his underlying charge of discrimination with the
Commission or of the superior court action. He is wrong.

Jordan-Rutledge's charge with the Commission alleged that
he was discriminated against on the basis of his disability in

part by Liberty Mutual's failure to accommodate his disability.
See doc. no. 7-1 at 10-11. The Commission analyzed Jordan-Rutledge's discrimination claim as a failure to accommodate claim. Id. at 23. The Commission found:

> [Jordan-Rutledge] offered insufficient evidence to demonstrate [Liberty Mutual] failed to accommodate him. Specifically, [Jordan-Rutledge] failed to demonstrate with reasonable accommodation he could perform the essential functions of the job. The evidence demonstrated [Jordan-Rutledge]'s performance issues predated [Jordan-Rutledge] reporting a disability and requesting disability-related accommodations. With that said, [Liberty Mutual] granted all requests for accommodations and worked to assist [Jordan-Rutledge].

Id. at 24. The superior court affirmed the Commission's decision, stating that the "record reflects, and the Commission properly found, that Liberty Mutual granted each of Mr. Jordan-Rutledge's requests for accommodation."[5] Id. at 98.

For those reasons, Liberty Mutual has shown that the complaint in this case alleges the same conduct underlying Jordan-Rutledge's superior court action.

---

[5] The similarity of Jordan-Rutledge's cause of action in this case and his claims in front of the Commission and superior court is further demonstrated by the fact that Jordan-Rutledge attached as an exhibit to his complaint in this case a "timeline of events" containing the relevant incidents to support his claim. Doc. no. 1 at 9. This timeline contains the caption and docket number of his superior court case against Liberty Mutual and appears to have been used as an exhibit to support his claims in that case. Id.

B.   Final Judgment on the Merits

The superior court affirmed the Commission's decision on October 12, 2022, and denied Jordan-Rutledge's motion for reconsideration on November 4, 2022. The superior court ruled on the merits of the claims in both its initial order and its order on Jordan-Rutledge's motion for reconsideration. Jordan-Rutledge did not appeal the decisions to the New Hampshire Supreme Court, rendering the superior court's ruling a final judgment. See Super. Ct. R. 46(d); Anthony v. Town of Plaistow, No. 2021-0410, 2023 WL 3471177, at *2 (N.H. May 16, 2023).

Because Jordan-Rutledge is proceeding pro se, the court offers an additional clarification for his benefit. Neither the complaint nor Jordan-Rutledge's objections state under which law he is pursuing his disability discrimination claim in this case. His complaint includes a right-to-sue letter from the EEOC issued after the Commission made its finding of No Probable Cause and, thus, he may have intended to assert a claim under the ADA rather than under RSA 354-A. The court notes for the purpose of clarity that even if he had intended to assert an ADA claim, that claim would still be barred by res judicata.

Under RSA 354-A:22, V, a plaintiff may institute "an action in federal court arising out of the same claims of discrimination which formed the basis of an order or decision of

11

the [C]ommission." But that relief is available only where the plaintiff terminates his appeal of the Commission's decision before the state court issues a final judgment on the merits.[6] Butland v. New Hampshire Dep't of Corr., 229 F. Supp. 2d 75, 79 (D.N.H. 2002) ("Because the Human Rights Commission's order was never vacated, and her appeal to the state supreme court was never dismissed or otherwise terminated before final judgment entered on the merits, plaintiff's identical federal claim is barred under the doctrine of res judicata."). Here, Jordan-Rutledge brought this action after the superior court issued a final judgment on the merits on his disability discrimination claim.

Liberty Mutual has shown that the superior court issued a final judgment on the merits on the same cause of action that Jordan-Rutledge raises here, in a case involving the same parties. Therefore, Jordan-Rutledge's disability discrimination claim is barred by res judicata.

II. <u>Collateral Estoppel</u>

Even if res judicata did not bar Jordan-Rutledge's claim, collateral estoppel would require dismissal. That doctrine "bars

---

[6] The EEOC's right-to-sue letter is dated August 8, 2022, more than two months before the superior court issued its order affirming the Commission's decision.

a party to a prior action, or a person in privity with such party, from relitigating any issue or fact actually litigated and determined in the prior action." 412 S. Broadway Realty, LLC v. Wolters, 169 N.H. 304, 314 (2016) (quotation omitted). Collateral estoppel applies when the following requirements are met:

> (1) the issue subject to estoppel is identical in each action; (2) the first action resolved the issue finally on the merits; (3) the party to be estopped appeared in the first action or was in privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding at issue was essential to the first judgment.

Id. (quotation omitted). Collateral estoppel would apply to Jordan-Rutledge's claim in this case and would preclude him from relitigating his claim that Liberty Mutual failed to reasonably accommodate his disability. As discussed above, that issue was the subject of the Commission's findings and the superior court's order.

III. Remaining Arguments

Because Jordan-Rutledge's claim in this case is barred by res judicata and collateral estoppel, the court need not address Liberty Mutual's remaining arguments. The court grants its motion to dismiss.

13

IV.  <u>Sanctions</u>

Contemporaneous with its motion to dismiss, Liberty Mutual filed a motion seeking a sanction of reasonable expenses, including attorney's fees, pursuant to Federal Rule of Civil Procedure 11(c)(2) against Jordan-Rutledge for filing a federal complaint that is "frivolous and without merit." Doc. no. 8-2 at 4. Liberty Mutual does appear to have made a good-faith effort to educate Jordan-Rutledge regarding his responsibilities under Rule 11 and to request that he withdraw his complaint. Doc. no 8-1, at 111-15. Nonetheless, in light of the unique circumstances of this case and Jordan-Rutledge's pro se status, the court is reluctant to impose the sanction of an award of costs and attorneys' fees at this time. But, Jordan-Rutledge is now on notice that Rule 11 imposes, among other obligations, a reasonable belief that all pleadings are filed with a proper purpose, that claims and defenses are warranted, and that allegations and denials of allegations have evidentiary support. Any future violations will be subject to sanctions.

<u>Conclusion</u>

For the foregoing reasons, Liberty Mutual's motion to dismiss (document no. 7) is granted and its motion for sanctions

(doc. no. 8) is denied. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

August 10, 2023

cc:  Corey Cutting Jordan-Rutledge, pro se
     Counsel of Record.